IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

MORRIS GERSHENGORIN,                )
MICHAEL SMOLYANSKY, and             )
MARINA BARTASHNIK, individually     )
and on behalf of all others         )
similarly situated,                 )
                                    )
                Plaintiffs,         )
                                    )
        v.                          )   No. 06 C 6820
                                    )
VIENNA BEEF, LTD., individually     )
and on behalf of a defendant        )
class of all Authentic Vienna       )
Beef Hot Dog Stands,                )
                                    )
                Defendants.         )

## MEMORANDUM OPINION AND ORDER

In this putative class action, named plaintiffs Morris Gershengorin, Michael Smolyansky, and Marina Bartashnik allege they were deceived and contract warranties were breached by named defendant[1] Vienna Beef Ltd.'s representations that its Vienna Beef Natural Casing Hot Dogs ("Casing Dogs") were all beef despite the fact that they were made with pork casings. All the named plaintiffs purchased Casing Dogs at Authorized Stands. Gershengorin and Smolyansky also purchased Casing Dogs at a

---

[1]A putative class of defendants is also alleged consisting of all Authentic Vienna Beef Hot Dog stands ("Authorized Stands").

Vienna Beef factory store (Vienna Beef Cafe). It is alleged that the representations were contained in Vienna Beef supplied signs displayed at Authorized Stands and in Vienna Beef advertising. It is also alleged that the representations were on Vienna Beef's website, but none of the named plaintiffs allege that they visited that website prior to purchasing any Casing Dog. Presently pending is named defendant's motion to dismiss all claims, or, alternatively, to strike the allegations regarding the website.

This action was originally filed in state court, but removed based on there being diversity jurisdiction in accordance with the Class Action Fairness Act of 2005. See 28 U.S.C. §§ 1332(d), 1453. After removal, plaintiffs filed their Corrected First Amended Class Action Complaint ("CFAC"). The CFAC contains five counts. Count I is a breach of express warranty claim based on the Illinois Uniform Commercial Code,[2] specifically 810 ILCS 5/2-313. Count II is a UCC nonconformity of goods claim based on 810 ILCS 5/2-301. Count III is a "Consumer Fraud (Deception)" claim for violation of the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA"),[3]

---

[2] The putative class is national in scope. It is generally alleged that other states have similar UCC provisions.

[3] It is generally alleged that other states have similar statutory provisions.

815 ILCS 505/2, 510/2(5), (7), (12). Count IV is a "Consumer Fraud (Unfairness)" claim for violation of the ICFA, 915 ILCS 505/2. Count V is a common law unjust enrichment claim.

Defendant contends the consumer fraud counts fail because not pleaded with the specificity required by Fed. R. Civ. P. 9(b). Plaintiffs concede that Rule 9(b) applies to ICFA claims. Davis v. G.N. Mortgage Corp., 396 F.3d 869, 883 (7th Cir. 2005); Brown v. SBC Communications, Inc., 2007 WL 684133 *5 (S.D. Ill. March 1, 2007); United States v. All Meat & Poultry Products Stored at Lagrou Cold Storage, 470 F. Supp. 2d 823, 830 (N.D. Ill. 2007).

> To satisfy the requirements of Rule 9(b), a plaintiff must "identi[f]y . . . the person making the misrepresentation, the time, place, and content of the misrepresentation, and the method by which the misrepresentation was communicated," Uni*Quality, Inc. v. Infotronx, Inc., 974 F.2d 918, 923 (7th Cir. 1992) (quoting Bankers Trust Co. v. Old Republic Ins. Co., 959 F.2d 677, 683 (7th Cir. 1992)). In other words, the plaintiff must plead "the who, what, when, where, and how: the first paragraph of any newspaper story." Crichton v. Golden Rule Ins. Co., Civil No. 06-264-GPM, 2006 WL 2349961, at *4 (S.D. Ill. Aug. 11, 2006) (quoting DiLeo v. Ernst & Young, 901 F.2d 624, 627 (7th Cir. 1990)). The purpose of Rule 9(b) is "to ensure that the party accused of fraud . . . is given adequate notice of the specific activity that the plaintiff claims constituted the fraud so that the accused party may file an effective responsive pleading," Lachmund v. ADM Investor Servs., Inc., 191 F.3d 777, 783 (7th Cir. 1999), and to compel plaintiffs to undertake adequate pre-filing investigation of claims of fraud, so that defendants are not injured by groundless

> charges of deceit. See Ackerman v. Northwestern Mut. Life Ins. Co., 172 F.3d 467, 469 (7th Cir. 1999) ("The purpose . . . of the heightened pleading requirement in fraud cases is to force the plaintiff to do more than the usual investigation before filing his complaint. Greater precomplaint investigation is warranted in fraud cases because public charges of fraud can do great harm to the reputation of a business firm or other enterprise (or individual).").

Brown, 2007 WL 684133 at *5. Fair notice is the most basic consideration. Vicom, Inc. v. Harbridge Merchant Services, Inc., 20 F.3d 771, 777-78 (7th Cir. 1994); United States ex rel. Salmeron v. Enterprise Recovery Systems, Inc., 464 F. Supp. 2d 766, 768 (N.D. Ill. 2006); S.E.C. v. Black, 2005 WL 1498893 *3 (N.D. Ill. June 17, 2005); ABN AMRO Mortgage Group, Inc. v. Maximum Mortgage, Inc., 2005 WL 1162889 *1 (N.D. Ind. May 16, 2005).

As to named plaintiffs themselves,[4] the representations at issue allegedly appeared in advertising and on signage found at Authorized Stands and the factory store. Plaintiffs do not describe or identify any of the advertising, so any claim based on misrepresentations in advertising is not alleged with sufficient particularity. See In re McDonald's French Fries

---

[4] It is alleged that some members of the putative class also saw the representations contained on named defendant's website.

Litigation, ___ F. Supp. 2d ___, 2007 WL 1576550 *2 (N.D. Ill. May 30, 2007); All Meat, 470 F. Supp. 2d at 830.

As to signage, plaintiffs allege:

> On information and belief, up and until the time that this lawsuit was filed, Vienna Beef provided its authorized sellers with signage and various advertisements stating that its products are "beef," "pure beef," and/or "all-beef." Neither this signage nor any advertisements disclosed that the Natural Casing products were made with pork casing.

CFAC ¶ 16. It is also alleged that some signs stated "100% beef." Id. ¶ 55.

In another paragraph, not containing the information and belief limitation, it is alleged that all the Authorized Stands and the factory store,[5] use the same processes for selling the Casing Dogs. Id. ¶ 42. It is alleged that the advertising materials used by these stores are materially identical and provided by Vienna Beef. Id. As used in this paragraph, advertising materials would include store signage. No photograph or copy of a particular sign is provided as an exhibit to the CFAC. There is no allegation in the CFAC describing any particular sign. The only description of the signage is that it contains one of the words or phrases listed above and does not contain any mention of the casing being pork.

---

[5] Plaintiffs do not expressly refer to the factory store in this paragraph, but the reference to Vienna Beef itself would necessarily include the factory store.

Named plaintiffs do identify the particular stores at which they purchased Casing Dogs. They do not identify specific dates for purchases, but do allege that they made purchases in Summer 2006 and that these stores had the signage at issue during that time period. When widespread, multiple acts of fraud are alleged, it generally will suffice to outline the scheme and allege some specific examples of the fraudulent acts. See United States v. Cancer Treatment Centers of America, 2003 WL 21504998 *1 (N.D. Ill. June 30, 2003); Pressalite Corp. v. Matsushita Electric Corp. of America, 2003 WL 1811530 *8 (N.D. Ill. April 4, 2003). If plaintiffs had provided some concrete examples of the signage at issue, it would be clear that they satisfied the Rule 9(b) requirement. Even without such concrete examples, however, it is held that named plaintiffs have provided named defendant with fair notice of the fraud supporting their ICFA claims. The representations at issue are not complex. Plaintiffs simply contend that describing the Casing Dogs as all, pure, or 100% beef without any disclosure of the pork casing is a misrepresentation. Whether the sign also lists a price or other information or contains a picture of a hot dog or some other graphics is not material. All that is material is that the sign

contains the pertinent phrase, does not mention pork,[6] and is noticed by the customer. Plaintiffs' allegations that the signage contains such contents, that they saw such signs at the particular stores they visited in Summer 2006, and that all Authorized Stands and the factory store contain such signs constitute sufficient notice to named defendant to prepare a defense to the fraud claims. The consumer fraud claims will not be dismissed for failure to satisfy Rule 9(b).

Defendant also contends that the consumer fraud claims are preempted by federal law concerning the labeling of food.[7] Defendant contends that the label placed on the wholesale boxes satisfies Department of Agriculture labeling requirements so any claim based on failure to otherwise disclose the use of pork casings is preempted. Plaintiffs contend any preemptive effect

---

[6] Plaintiffs do not simply allege that the signs themselves do not mention pork; they allege that Vienna Beef does not otherwise disclose to retail customers that the casings contain pork. It is alleged by plaintiffs that the use of pork casings is only disclosed on an ingredient label that is placed on the wholesale boxes of Casing Dogs that are provided to stands. CFAC ¶ 36. Apparently, the types of packaged hot dogs sold at retail stores do not include Casing Dogs, only other types of hot dogs that have no separate casing made from pork intestines.

[7] Defendant contends the unjust enrichment claim would also be preempted to the extent it is not based on a contract. Defendant does not contend that the UCC warranty claims, which are based on a private contract, would be preempted.

is limited to labeling and does not apply to claims of fraudulent statements in marketing communications.

Meat and meat foods, such as Casing Dogs, are governed by the Federal Meat Inspection Act ("FMIA"), 21 U.S.C. §§ 601-95, and the regulations promulgated thereunder by the Department of Agriculture. Section 678 provides in part: "Marking, labeling, packaging, or ingredient requirements in addition to, or different than, those made under this chapter may not be imposed by any State . . . with respect to articles prepared at any establishment under inspection . . . ." The parties agree that Vienna Beef's production facilities are an "establishment under inspection" as that term is used in § 678. The FMIA defines "label" as "a display of written, printed, or graphic matter upon the immediate container (not including package liners) of any article," 21 U.S.C. § 601(o), and "labeling" as "all labels and other written, printed or graphic matter (1) upon any article or any of its containers or wrappers, or (2) accompanying such article." Id. § 601(p).

In order to be preempted by the provision relied upon by defendant, state statutory or common law must (1) affect marking, labeling, packaging, or ingredient requirements (2) in a manner in addition to or different from the FMIA requirements on those subjects. Plaintiffs are not complaining that the labeling or

marking on Casing Dog wholesale packages is deficient or misleading, nor do they contend that additional ingredients should be listed. Instead, they are complaining about fraudulent misrepresentations contained in signage at the stands where Casing Dogs are sold. The FMIA does not preempt regulation of signage separate from the marking or labeling on meat packaging itself. See United States v. Stanko, 491 F.3d 408, 418 (8th Cir. 2007) (this provision of § 678 does not preempt state unfair-trade-practices laws). See also Cavel International, Inc. v. Madigan, ___ F.3d ___, 2007 WL 2736624 *3 (7th Cir. Sept. 21, 2007) (FMIA inspection provision is not applied literally). Cf. Bates v. Dow Agrosciences LLC, 125 S. Ct. 1788, 1798-99 (2005) (similarly worded labeling or packaging preemption provision of Federal Insecticide, Fungicide, and Rodenticide Act, 7 U.S.C. § 136v(b), does not preempt fraud claim based on oral statements made by the salesperson). Plaintiffs' consumer fraud claims are not preempted. Counts III and IV will not be dismissed.

Next to be considered are the warranty claims. Rule 9(b) does not apply to these claims. Therefore, plaintiffs need not plead particularized facts. They need only plead facts sufficient to raise a right to relief above the speculative level, providing fair notice and an appearance of plausibility.

See Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1965, 1973-74 & n.14 (2007); Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007); St. John's United Church of Christ v. City of Chicago, ___ F.3d ___, 2007 WL 2669403 *7 (7th Cir. Sept. 13, 2007); Airborne Beepers & Video, Inc. v. AT&T Mobility LLC,, ___ F.3d ___, 2007 WL 2406859 *4 (7th Cir. Aug. 24, 2007); Pisciotta v. Old National Bancorp, ___ F.3d ___, 2007 WL 2389770 *3 (7th Cir. Aug. 23, 2007). A complaint should be dismissed if "the factual detail . . . [is] so sketchy that the complaint does not provide the type of notice of the claim to which the defendant is entitled under Rule 8." St. John's, 2007 WL 2669403 at *7 (quoting Airborne, 2007 WL 2406859 at *4). The well-pleaded allegations of the complaint must be taken as true and all reasonable inferences drawn in plaintiffs' favor. Twombly, 127 S. Ct. at 1965; Erickson, 127 S. Ct. at 2200; Pisciotta, 2007 WL 2389770 at *3; Caldwell v. Jones, ___ F. Supp. 2d ___, 2007 WL 2745702 *2 (N.D. Ind. Sept. 19, 2007). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Twombly, 127 S. Ct. at 1969; Caldwell, 2007 WL 2745702 at *2. As long as they are consistent with the allegations of the CFAC, plaintiffs may assert additional facts in their response to the motion to dismiss. Brokaw v. Mercer County, 235 F.3d 1000, 1006

(7th Cir. 2000); Forseth v. Village of Sussex, 199 F.3d 363, 368 (7th Cir.2000).

Defendant contends the warranty claims fail because plaintiffs fail to allege the terms of the warranty. Plaintiffs, however, allege that Vienna Beef[8] has warranted that Casing Dogs are all or pure beef. See, e.g., CFAC ¶ 57. These warranties are alleged to have been contained in signage and advertising of Vienna Beef. See Wheeler v. Sunbelt Tool Co., 181 Ill. App. 3d 1088, 537 N.E.2d 1332, 1340-41 (4th Dist.), appeal denied, 127 Ill. 2d 644, 545 N.E.2d 134 (1989). Unlike the fraud claims, this allegation must be assumed to be true regardless of whether it is alleged with particularity. Plaintiffs have alleged the existence of an express warranty.

Defendant also contends that the warranty claims fail because plaintiffs did not provide the pre-litigation notice required by 810 ILCS 5/2-607(3)(a) ("the buyer must within a reasonable time after he discovers or should have discovered any breach notify the seller of breach or be barred from any remedy"). Plaintiffs allege that they notified Vienna Beef of the breach through a "notice of revocation letter" and that they demanded the Vienna Beef revoke acceptance, but Vienna Beef did

---

[8] It is also alleged that the Authorized Stands made the same warranties.

- 11 -

not provide a refund. CFAC ¶¶ 65, 69-70. Defendant contends this allegation is insufficient because it does not allege when the notice was given so it cannot satisfy the requirement that it be given within a reasonable period of time.

Plaintiffs allege they purchased Casing Dogs in Summer 2006 and learned thereafter that they contained pork. Although the CFAC does not expressly allege notice was given before the original complaint was filed, the original complaint (which was filed in November 2006) also alleges notice was given. Therefore, at most, the notice was given five months after the defect was discovered. Defendants cite no cases and make no argument regarding what constitutes timely notice. In any event, plaintiffs also expressly allege that defendant was aware that Casing Dogs contained pork, a fact that is also apparent from the allegation that defendant listed it on the ingredient label for Casing Dogs. No separate notice is required when the defendant is aware of the specific defect. Arcor, Inc. v. Textron, Inc., 960 F.2d 710, 715 (7th Cir. 1992); McDonald's French Fries, 2007 WL 1576550 at *2; Hays v. General Electric Co., 151 F. Supp. 2d 1001, 1010 (N.D. Ill. 2001). The warranty claims will not be dismissed for failure to adequately plead notice.

As to Bartashnik only, it is argued that her warranty claims fail because she was not in privity with Vienna Beef.

Unlike the other two named plaintiffs, Bartashnik only purchased a Casing Dog at an Authorized Stand, not at the factory store. Under notice pleading requirements, however, plaintiffs sufficiently allege both that Vienna Beef provided the signage and advertising at the Authorized Stands and that Authorized Stands were Vienna Beef's agents. Bartashnik's warranty claims will not be dismissed for lack of privity. See McDonald's French Fries, 2007 WL 1576550 at *3-4.

The warranty claims in Counts I and II will not be dismissed.

As to the unjust enrichment claim, defendant contends such a claim is not appropriate since a contract is alleged. Plaintiffs contend it is appropriate to plead in the alternative. Defendant does not dispute that pleading in the alternative is permitted, but contends that plaintiffs' unjust enrichment claim necessarily relies on a contract because all the allegations of Counts I through IV are incorporated in Count V. While the facts alleged in the prior counts are incorporated in Count V, that does not mean the legal conclusions are also incorporated. Plaintiffs may proceed on the alternative theory of unjust enrichment. As to Bartashnik, defendant also contends she cannot succeed on an unjust enrichment claim because she did not purchase a Casing Dog directly from Vienna Beef. Vienna Beef,

however, is still alleged to have received benefits from wrongful conduct directed to Bartashnik. The unjust enrichment claim will not be dismissed. See Oshana v. Coca-Cola Co., 472 F.3d 506, 515 (7th Cir. 2006), cert. denied, 127 S. Ct. 2952 (2007). Count V will not be dismissed.

Alternatively, Vienna Beef moves to strike the allegations regarding information on its website, on the ground that named plaintiffs do not allege that they viewed the website. These allegations, however, do not simply allege additional representations, they also include background information about how Vienna Beef functions. Also, as plaintiffs contend, these allegations of additional misrepresentations could support awarding punitive damages. Furthermore, it is alleged that putative class members viewed the website. This aspect of the motion to strike will be denied.

Defendant also contends that the class definition in the CFAC should be stricken because it contains an inappropriate class definition. That is a class certification issue, not a pleading issue. This aspect of the motion to strike will be denied. No opinion is expressed regarding whether the definition alleged is an appropriate class to certify.

The motion to strike and dismiss will be denied. Named plaintiffs must promptly move for class certification. On or

before October 31, 2007, named plaintiffs shall present a motion for class certification supported by a brief. If no motion is presented by that date, class certification will be denied.

IT IS THEREFORE ORDERED that defendant's motion to strike and dismiss [25] is denied. Within two weeks, defendant shall answer the Corrected First Amended Class Action Complaint. On or before October 31, 2007, named plaintiffs shall present a motion for class certification. A status hearing will be held on October 31, 2007 at 11:00 a.m.

ENTER:

/s/ William T. Hart
UNITED STATES DISTRICT JUDGE

9-28-07

DATED: SEPTEMBER 28, 2007